**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JIMMY LEE DAVIS, #51030**                                                                                    **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.  4:10-cv-180-HTW-LRA**

**EMCF DENTAL DEPARTMENT, et al.**                                                               **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a complaint pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On November 3, 2010, this Court entered an order [3] directing the Plaintiff to file a written response, on or before November 18, 2010, providing specific information regarding his claims.   The Plaintiff failed to comply with this Court's order.  The Plaintiff was warned that his failure to timely comply with a court order or failure to keep this Court informed of his current address may result in the dismissal of this case.

On December 3, 2010, an order [4] was entered directing the Plaintiff to show cause, on or before December 18, 2010, why this case should not be dismissed for his failure to comply with the Court's November 3, 2010 order.  In addition, Plaintiff was directed to comply with the Court's order by filing a written response, on or before December 18, 2010.  The show cause order warned Plaintiff that failure to timely comply with the requirements of the order or failure to keep this Court informed of his current address would lead to the dismissal of his complaint, without further notice.  Plaintiff did not comply with the Court's show cause order.

On January 3, 2011, a second show cause order [5] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of November 3, 2010, and December 3, 2010.  Plaintiff was directed to comply with the second show cause order, on or before January 18, 2011.  The Plaintiff was also warned in this final show cause order that failure to keep this Court informed of his current address or failure to comply with the requirements of the order by January 18, 2011, would result in the dismissal of his case.  The Plaintiff did not comply with this order.

Plaintiff has failed to comply with three court orders and he has not contacted this Court since October 27, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009).  Since the

Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 8th day of February, 2011.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE